Priority  ✓
Send  ✓
Enter  ___
Closed  ___
JS-5/JS-6  ___
JS-2/JS-3  ___
Scan Only  ___

FILED
CLERK, U.S. DISTRICT COURT
JUN 30 2003
CENTRAL DISTRICT OF CALIFORNIA
BY  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. SUTCLIFFE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Respondents. | CASE NO. CV 03-02810 MMM (AJW)<br><br>ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court has reviewed the entire record in this action, the Report and Recommendation of United States Magistrate Judge Andrew J. Wistrich, and the objections thereto. Based on its review, the court has made a *de novo* determination of those portions of the report to which objections were directed, and adopts the findings, conclusions and recommendations of the Magistrate Judge with the modifications set forth herein:

**A.    Discussion**

In his objections, petitioner challenges Judge Wistrich's finding that Judge Matz's April 7, 2003 order amended Judge Matz's earlier March 14, 2003, order. It is the March 14, 2003, order that is the subject of this action. Petitioner contends that, even assuming the April 7, 2003,

ENTERED ON ICMS
JUL -1 2003
JUL -1 2003

order cured any defect in the March 14, 2003, order, the March order was unconstitutional when issued, and the court should enter an order so stating. The court adopts Judge Wistrich's recommendation that the petition be dismissed on a ground different than that stated in the Report and Recommendation, i.e., that the court lacks subject matter jurisdiction to hear the petition.

The instant petition was filed on April 22, 2003. As is evident from the record in *United States v. Steven William Sutcliffe*, CR 02-350-1 AHM, as of April 22, 2003, petitioner was detained pursuant to Judge Matz's April 7, 2003, order. That order stated that petitioner was to be committed to the custody of the Attorney General of the United States for a period of four months based on the court's detemination that he was presently suffering from a mental disease or defect that rendered him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

28 U.S.C. § 2241 requires that a person be "in custody" pursuant to the sentence or order he challenges. The "in custody" requirement is jurisdictional (*Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) ("[T]he 'in custody' requirement is jurisdictional"), and custody is determined as of the date the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968). See also *Lopez v. Heinauer*, __ F.3d __, 2003 WL 21347122, * 1 (8th Cir. June 11, 2003) ("We first note that the 'in custody' requirement of the habeas statute is satisfied as long as the petitioner was in custody at the time he filed his habeas petition"). For this reason, a person cannot avail himself of the habeas remedy if he is not in custody on the challenged order at the time the petition is filed. See *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001) (holding that a petitioner who had already been deported as of the date he filed a habeas petition was not "in custody" and could not seek relief). Compare *Zegarra-Gomez v. Immigration and Naturalization Service*, 314 F.3d 1124, 1126-27 (9th Cir. 2003) (holding that the action of a petitioner who was in INS custody on the date he filed his petition, was not moot, despite his subsequent deportation, because of the collateral consequences of the deportation order).

Here, Sutcliffe was not "in custody" pursuant to the March 14, 2003, order on the date he filed the instant petition. Rather, by that date, he was "in custody" pursuant to the April 7,

2003, order. Compare *Bacon v. United States*, 449 F.2d 933, 935 (9th Cir. 1971) ("When she filed her habeas corpus petition Bacon was in custody solely because of the order she now challenges. Since that time the contempt order has added a second basis for holding Bacon, but neither the Government nor the District Court has indicated that the original order has lost its force. Bacon challenges an order under which she is presently being detained. Accordingly, the court lacks subject matter jurisdiction to hear his challenge to the March order").

To the extent subject matter jurisdiction existed, the court concurs with Judge Wistrich that the petition is moot. To the extent there was any error in the March 14, 2003, order, the detention Sutcliffe "incurred as a result of that action [was] . . . over [as of the date he filed the habeas petition], and [could not] be undone." *Spencer, supra*, 523 U.S. at 8. Moreover, Sutcliffe has identified, and will suffer, no collateral consequences as a result of the March 14, 2003, order. *Id.* at 7. Compare *Bacon, supra*, 449 F.2d at 936 (holding that the habeas petition of a material witness, who was arrested and taken to Seattle pursuant to court order, was not moot, despite the fact that she was then being incarcerated on a separate contempt order, because, if the contempt order were to be dissolved, "she remain[ed] subject to possible custody at least in part under the authority of the order that she attack[ed]" while she completed her testimony before the grand jury, and "the possibility of her future detention under that order provides a sufficient collateral consequence").[1]

---

[1] The case does not fall within the narrowly applied exception that permits review of decisions, otherwise moot, that are "capable of repetition, yet evading review." The Supreme Court has directed that this doctrine be applied only in "exceptional situations." *Spencer, supra*, 523 U.S. at 17 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). To fall within the exception, a petitioner must demonstrate that two circumstances are present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Id.* (internal quotations omitted) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 481 (1990), *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam), and *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). Here, while Sutcliffe's claim may arguably satisfy the first of these criteria, there is no evidence that it satisfies the second, i.e., there is no evidence that Sutcliffe will be committed a second time for further evaluation by Judge Matz. Any suggestion that he will, moreover, would be purely speculative. See *Van Wie v. Pataki*, 267 F.3d 109, 114 (2d Cir. 2001) ("We find additional support for this approach in the

**B. Conclusion**

For the reasons stated, IT IS ORDERED that judgment be entered denying the petition for writ of habeas corpus and dismissing the action without prejudice.

The Clerk is directed to serve copies of this Order and the attached Report and Recommendation of United States Magistrate Judge on the parties by United States mail.

DATED: June 27, 2003

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

many Supreme Court cases which have rejected the application of the 'capable of repetition, yet evading review' exception in the face of the complaining party's speculative and theoretical assertion that the issue in dispute was capable of repetition. . . . Additionally, this Court recently explained that 'mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence.' . . . Applying this standard, we find that the second criterion of this exception to the mootness doctrine is not met in this case. . . . [Plaintiffs'] assertion amounts to a mere theoretical possibility that the controversy is capable of repetition. . . . Such speculation does not establish 'a reasonable expectation' that they will again be subjected to the same dispute. This appeal does not fall within the 'capable of repetition, yet evading review' exception to the mootness doctrine. We therefore dismiss the appeal as moot"); *Russman v. Board of Education of Enlarged City School District of City of Watervliet*, 260 F.3d 114, 120 (2d Cir. 2001) (". . . Although a plaintiff need not show a 'demonstrated probability' of recurrence, there must be at least a 'reasonable expectation' of repetition. . . . To create a reasonable expectation of recurrence, repetition must be more than theoretically possible. '[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence'").

4

```
                                    FILED
                         CLERK, U.S. DISTRICT COURT

                              JUN 1 3 2003

                         CENTRAL DISTRICT OF CALIFORNIA
                         BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVEN W. SUTCLIFFE, | ) |
| Petitioner, | ) No. CV 03-2810-MMM(AJW) |
| v. | ) REPORT AND RECOMMENDATION |
| UNITED STATES DISTRICT COURT | ) OF MAGISTRATE JUDGE |
| CENTRAL DISTRICT OF CALIFORNIA, | ) |
| ATTORNEY GENERAL FOR THE UNITED STATES, | ) |
| Respondents. | ) |

## Background

Petitioner, who is represented by counsel, filed this petition pursuant to 28 U.S.C. § 2241 on April 22, 2003. It is one of three habeas petitions filed by petitioner in this Court.

All three of petitioner's habeas petitions arise out of events that have occurred in a federal criminal case pending in this Court in which petitioner is a defendant. [See United States v. Steven William Sutcliffe, CR 02-350-1-AHM]. In that federal criminal case defendant is charged with four counts of transmitting threats (18 U.S.C. § 875(c)) and five counts of transferring social security numbers with

the intent to aid and abet identity fraud (18 U.S.C. § 1028(a)(7)).

This petition alleges that petitioner is being illegally detained for treatment pursuant to 18 U.S.C. § 4241(d) because the Court in petitioner's federal criminal case did not make a finding of incompetence. [Petition at 3]. Respondent filed a response to the petition, and petitioner filed a reply.

On January 17, 2003, the Court in petitioner's federal criminal case issued an order requiring petitioner to submit to a psychiatric evaluation to determine his competency to stand trial pursuant to 18 U.S.C. § 4241(a), and directed that a post-evaluation report be prepared and provided to the Court and the parties. [January 17, 2003 Order].[1] As explained in the January 17, 2003 Order, the Court concluded that several factors warranted a competency evaluation, including:

(1) petitioner had "displayed an apparent inability or refusal to consult with counsel with a reasonable degree of rational understanding," as evidenced by, among other things, petitioner's requests to terminate his representation by three attorneys, because of a total breakdown in communications between him and them (a characterization with which the attorneys agreed), and the allegations by two of petitioner's appointed attorneys that petitioner had threatened them; and

(2) petitioner had "displayed an apparent inability to understand

---

[1] Most of the following facts are obtained from documents and orders filed in petitioner's criminal case. The Court takes judicial notice of the contents of that official court file. See Fed. R. Civ. P. 201; Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); Emirch v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988); Mack v. South Bay Beer Distributors Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

(rationally and factually) the proceedings against him," as evidenced in part by petitioner's statement in open court "that he does not understand the charges," petitioner's suggestion that he is "not properly subject to prosecution because his true legal name is not Steven William Sutcliffe, but instead is 'Steve-William: of the Sutcliffe....'" [January 17, 2003 Order].

After holding a hearing on petitioner's competency on March 14, 2003, the Court issued an order noting that (a) in a report prepared pursuant to the Court's order, Dr. Rushton Backer opined that petitioner was competent to stand trial, "that is, [petitioner] understood the nature of the charges against him and was capable of assisting in his defense;" (b) during the hearing, petitioner "initiated a series of disruptive outbursts resulting in warnings from the Court. After the Court's warnings to [petitioner] went unheeded, the Court ordered [petitioner] removed from the courtroom...;" and (c) after petitioner was removed from the courtroom, Dr. Backer testified that, based in part upon petitioner's disruptive behavior at the hearing (which Dr. Backer had witnessed), he had changed his opinion and concluded that further evaluation of petitioner's competence would be prudent. The Court concluded that the issue as to petitioner's competence to stand trial was unresolved, and ordered petitioner committed to the custody of the Attorney General of the United States to be transported for further evaluation to determine petitioner's competence to stand trial. [March 14, 2003 Order].

On April 7, 2003, the Court amended the March 14, 2003 Order. In pertinent part, the April 7, 2003 Order states:

> On March 14, 2003, the parties appeared for a competency
> hearing pursuant to 18 U.S.C. § 4241(a). At the hearing,

3

the Court considered the "Forensic Evaluation" report submitted by MDC/LA, heard the testimony of Dr. Rushton Backer, observed defendant's behavior in court, and heard and considered arguments and advice of counsel for the United States and the defendant. On April 1, 2003, the Court received the Forensic Evaluation Addendum prepared by Dr. Backer, and the Court has read and considered this Addendum as well as the balance of the entire record of this case.

Based on the foregoing, the Court finds the following by a preponderance of the evidence:

Defendant Steven William Sutcliffe is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS HEREBY ORDERED, based on this finding, that pursuant to 18 U.S.C. § 4241(d), defendant Steven William Sutcliffe is hereby committed into the custody of the Attorney General of the United States, to be transported forthwith to FMC Devens Massachusetts.... Pursuant to 18 U.S.C. § 4241(d)(1), defendant shall remain at FMC Devens for a reasonable period of time, but not to exceed four months, for the purpose of determining whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed.

[April 7, 2003 Order].

Petitioner is currently in custody at FMC Devens. He is scheduled to return to Los Angeles for a further competency hearing on August 25, 2003. [April 7, 2003 Order].

Petitioner challenges his current detention, arguing that because the Court did not make a competency determination, petitioner may not be detained under 18 U.S.C. § 4241(d). Petitioner's challenge is directed solely to the propriety of the March 14, 2003 Order. That order, however, has been superseded by the amended order filed on April 7, 2003. Because petitioner's current custody is the result of the April 7, 2003 order (an order which does contain a finding that petitioner is incompetent), petitioner's challenge to the March 14, 2003 Order is moot. Cf. United States Dept. of Treasury v. Galioto, 477 U.S. 556, 559-560 (1986) (amendment to statute mooted challenge to previous version of statute).

Accordingly, it is recommended that judgment be entered dismissing the petition as moot.[2]

DATED: 6.12.03

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[2] Although petitioner is not necessarily precluded from challenging the April 7, 2003 Order, he must do so in a separate habeas petition.

5

LODGED
CLERK, U.S. DISTRICT COURT

JUN 13

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

STEVEN WILLIAM SUTCLIFFE, )
                          )
        Petitioner,       )  No. CV 03-2810-MMM(AJW)
                          )
    v.                    )  JUDGMENT
                          )
UNITED STATES DISTRICT COURT, )
CENTRAL DISTRICT OF CALIFORNIA, )
ATTORNEY GENERAL FOR THE UNITED )
STATES,                   )
                          )
        Respondents.      )
_____)

**Judgment is hereby entered** dismissing the petition as moot.


DATED: _____


                                    _____
                                    MARGARET M. MORROW
                                    United States District Judge